IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GEORGE DOUGLAS SANDERS,

      Petitioner,

v.

BRIAN BELLEQUE,

      Respondent.

Civil No. 06-1558-AS

FINDINGS AND RECOMMENDATION

    CORRINE J. LAI
    520 S.W. 6th Avenue
    Suite 825
    Portland, OR  97204

        Attorney for Petitioner

    HARDY MYERS
    Attorney General
    MARK D. LAY
    Assistant Attorney General
    Department of Justice
    1162 Court Street N.E.
    Salem, OR  97301

        Attorneys for Respondent

ASHMANSKAS, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus should be DENIED as untimely, and this action should be DISMISSED.

## BACKGROUND

On March 27, 1996, Petitioner was convicted in Linn County on charges of Robbery in the First Degree and Felon in Possession of a Firearm. The judgment of conviction was entered on April 1, 1996. Petitioner did not directly appeal the conviction. His time to do so expired on May 1, 1996. See Or. Rev. Stat. § 138.071.

On May 1, 1997, a notary public witnessed Petitioner's signature on a state Petition for Post-Conviction Relief. Resp. Exh. 106, p. 7. The post-conviction relief ("PCR") petition was filed in Marion County Circuit Court on May 27, 1997. The PCR trial judge denied the petition, and entered judgment on August 3, 1998. Petitioner did not appeal the trial court's denial of relief. His time to do so expired September 2, 1998. See Or. Rev. Stat. § 138.071.

Petitioner filed a petition for writ of habeas corpus in this court on August 6, 2002. See Sanders v. Bartlett, Case No. CV 02-1062-BR. Petitioner subsequently filed a motion for voluntary

2 - FINDINGS AND RECOMMENDATION -

dismissal, which the Honorable Anna J. Brown granted on October 13, 2004.

In April 2005, Petitioner filed a successive state PCR petition. The state moved for summary judgment on the basis that the petition was untimely and successive. The trial judge granted the state's motion. On appeal, the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Sanders v. Belleque, 206 Or. App. 520, 138 P.3d 62, rev. denied, 341 Or. 216, 140 P.3d 1133 (2006). The appellate judgment issued on September 21, 2006. Resp. Exh. 115.

On October 18, 2006, Petitioner placed his second federal Petition for Writ of Habeas Corpus in the prison mailing system. On November 1, 2006, the Petition was filed in this court. Respondent argues the current Petition should be dismissed as untimely.

## DISCUSSION

On April 23, 1996, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") imposed a one-year limitation period on habeas petitions filed pursuant to 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d). Section 2244(d)(2) provides for tolling of the one-year period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). State post-conviction

3 - FINDINGS AND RECOMMENDATION -

petitions rejected as untimely by the state courts, however, are not "properly filed" within the meaning of the statutory tolling provision. Pace v. DiGuglielmo, 544 U.S. 408 (2005).

The limitation period may also be equitably tolled under exceptional circumstances, which will allow the merits of the petition to be heard in federal court. Equitable tolling is applicable only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (citations omitted), cert. denied, 127 S. Ct. 1880 (2007). The "extraordinary circumstances must be 'the cause of [the untimeliness.'" Id. (quoting Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)). A person seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Pace, 544 U.S. at 418.

As noted, Petitioner's judgment of conviction was final in state court on April 1, 1996, and the AEDPA statute of limitations began to run on May 1, 1996. Petitioner filed his state PCR petition on May 1, 1997.[1] As such, Petitioner's limitation period

---

[1] The PCR petition was not "filed" in state court until May 27, 1997. As noted above, however, the notary public witnessed Petitioner's signature on May 1, 1997. Under the "prison mailbox rule," the petition is deemed filed on the date Petitioner signed it, rather than the date it reached the court. See Houston v. Lack, 487 U.S. 266, 270 (1988).

4 - FINDINGS AND RECOMMENDATION -

for a federal habeas corpus action expired the day he sought state PCR relief. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (one-year statute of limitations did not permit the re-initiation of the limitations period where that period ended before petitioner's state petition for post-conviction relief was filed), cert. denied, 540 U.S. 924 (2003).

Petitioner argues, nonetheless, that his petition should not be dismissed as untimely because he is entitled to equitable tolling. Petitioner bases his argument on his attorney's failure to file an appeal in his initial state PCR proceeding. According to Petitioner, his state PCR attorney erroneously informed him an appeal was not necessary because he was pursuing appeals in two other PCR cases attacking companion convictions from other counties. Relying on this advice, Petitioner did not file his first federal habeas corpus petition until he finished his appeals in the two related PCR proceedings.

Even if Petitioner could establish equitable tolling based on his PCR attorney's erroneous advice, however, the tolling period would not extend to the filing of the instant petition. As noted, Petitioner filed his first federal habeas petition on August 6, 2002, only to voluntarily dismiss the action on October 13, 2004. The limitation period was not statutorily tolled during the pendency of that action. See Duncan v. Walker, 533 U.S. 167 (2001) (a federal habeas petition is not an "application for State

5 - FINDINGS AND RECOMMENDATION -

post-conviction or other collateral review" within the meaning of § 2244(d)(2)). Moreover, the limitation period was not statutorily tolled thereafter during the time Petitioner's successive, untimely state PCR petition was pending. See Pace, 544 U.S. at 417 (untimely state collateral proceeding is not "properly filed" for the purposes of § 2244(d)(2)); Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007) (same).

Petitioner does not provide any evidence justifying extension of the equitable tolling period past the date he filed his first federal habeas corpus petition. As such, the instant habeas corpus action is untimely under 28 U.S.C. § 2244(d), and must be dismissed.

**RECOMMENDATION**

Based on the foregoing, the Petition for Writ of Habeas Corpus should be DENIED as untimely, and judgment of DISMISSAL should be entered herein.

**SCHEDULING ORDER**

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due November 2, 2007. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 10 days after service of a copy of the objections. If objections are

filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this  16th  day of October, 2007.

                         /s/ Donald C. Ashmanskas
                         Donald C. Ashmanskas
                         United States Magistrate Judge